**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SAMUEL CORNELL WILSON,

        Petitioner,

vs.                              Case No.   3:05-cv-397-J-32MCR
                                                   3:03-cr-238(S2)-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.

## **ORDER**

This case is before the Court on petitioner Samuel Cornell Wilson's pro se Motion to Vacate, Set Aside Sentence, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Docs. 1 & 2). The United States filed a response, (Doc. 9), and Wilson filed a reply. (Doc. 10).

On April 26, 2004, Wilson pled guilty to conspiracy to distribute five kilograms or more of cocaine, and to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) & 841(b)(1)(A). (Crim. Doc. 210 & 213).[1] Wilson's guilty plea was entered pursuant to a written plea agreement he signed on April 22, 2004. (Crim. Doc. 203). On November 1, 2004, the Court sentenced Wilson to 70 months' imprisonment. (Crim. Doc. 297).

In the § 2255 petition, Wilson asserts, and the government agrees, that under

---

[1] Citations to Wilson's criminal case file, 3:03-cr-238(S2)-J-32MCR, are denoted as "Crim. Doc. ___." Citations to Wilson's civil § 2255 case file are denoted as "Doc. ___."

the applicable Strickland v. Washington, 466 U.S. 668 (1985) test[2], Wilson is entitled to an out-of-time direct appeal.  This is because Wilson requested his counsel to file a direct appeal after the judgment issued, but his counsel failed to do so.  The Court takes no position on which issues the Eleventh Circuit will consider on the direct appeal.[3]

Accordingly, it is hereby **ORDERED**:

1.  Samuel Cornell Wilson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Docs. 1 & 2) is **granted** to the extent that petitioner's request to pursue an out-of-time direct appeal is **GRANTED.**  The remainder of Wilson's petition is **DENIED WITHOUT PREJUDICE.**

2.  The Judgment In A Criminal case as to Samuel Cornell Wilson (3:03-cr-238(S2)-J-32MCR) (Crim. Doc. 277) is **VACATED.**  By separate Judgment, the Court will reimpose the same sentence.  From the date that new Judgment is entered, Wilson's new court-appointed counsel will have ten (10) days to file a notice of appeal. This procedure is pursuant to United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

---

[2]  Under Strickland, a defendant claiming ineffective assistance of counsel must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant.  466 U.S. at 688, 694.

[3]  Because of this disposition, the Court need not and does not address the other issues raised in the § 2255 petition.

3. Under Phillips, Wilson is further advised of his rights associated with an appeal from a criminal sentence:

a. It is your right to appeal from the sentence within ten days from the date of the reimposed sentence and judgment as dictated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i). Failure to do so within ten days from that date means you have given up and waived your right to appeal. The government may also file an appeal from this sentence.

b. You are advised that you are entitled to assistance of counsel in taking an appeal. Your new court-appointed counsel for purposes of your direct appeal is The Office of the Federal Public Defender for the Middle District of Florida.

c. By copy, your new counsel is informed of this Order and your concomitant rights.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of January, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies to: counsel of record, pro se party and Mr. James H. Burke, Jr. (Federal Public Defender's Office, Middle District of Florida)

3